UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN GITTENS,<br><br>                              Petitioner,<br><br>        -against-<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>                              Respondent. | 25-CV-7959 (GBD)<br><br>TRANSFER ORDER |

GEORGE B. DANIELS, United States District Judge:

Petitioner, who is currently in immigration detention at Winn Correctional Center in Winnfield, Winn Parish, Louisiana, brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, seeking to challenge his detention. For the following reasons, this petition is transferred to the United States District Court for the Western District of Louisiana.

In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is detained at Winn Correctional Center in Winn Parish, Louisiana, which is located in the judicial district of the United States District Court for Western District of Louisiana. *See* 28 U.S.C. § 98(c). Therefore, in the interest of justice, this Court transfers this petition to the Western District of Louisiana. *See* 28 U.S.C. § 1406(a).

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Louisiana. Whether Petitioner should be permitted to proceed further

without payment of fees is a determination to be made by the transferee court. This order closes this case.

The Court also directs the Clerk of Court to transfer this action to the United States District Court for the Western District of Louisiana immediately upon entry of this order; the Court waives the seven-day waiting period articulated in Local Civil Rule 83.1.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: SEP 2 9 2025
New York, New York

GEORGE B. DANIELS
United States District Judge